Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendant
Netflix, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PIRTLE, JR.,<br><br>                    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>                    Defendant. | Case No.: 2:21-cv-08008-JAK-JPR<br><br>**[DISCOVERY MATTER]**<br><br>**JOINT STIPULATION RE: NETFLIX, INC.'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37**<br><br>[Defendant's Notice of Motion and Motion for Sanctions; Declaration of Kenneth M. Trujillo-Jamison; and [Proposed] Order filed concurrently]<br><br>Date:    December 7, 2023<br>Time:    10:00 a.m.<br>Place:   Courtroom 690<br><br>Discovery Cutoff:  November 6, 2023<br>Pre-Trial Conference:  TBD<br>Trial Date:  TBD |

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTORY STATEMENTS ................................................................ 1

    A.    Netflix's Introductory Statement .......................................... 1

    B.    Plaintiff's Introductory Statement ....................................... 2

II.    DISPUTED STATEMENT OF MEET AND CONFER EFFORTS ............. 4

    A.    Netflix's Contentions Regarding Meet and Confer Efforts ................. 4

    B.    Plaintiff's Contentions Regarding Meet and Confer Efforts ............... 4

III.    DISPUTED STATEMENT OF FACTS ................................................. 4

    A.    Netflix's Statement of the Facts ........................................... 4

        1.    Plaintiff's failure to appear at his deposition is the latest in a line of Plaintiff's repeated failures to meet applicable deadlines in this case. ...................................... 5

        2.    By contrast, Netflix has been diligent in attempting to conduct discovery, resolve discovery disputes without court intervention, and meet applicable deadlines. ................... 6

            a.    Plaintiff's months-long delay in responding to the January 20 Discovery. .......................... 7

            b.    Plaintiff's failure to timely produce documents responsive to Netflix's First RFPs, failure to timely respond to a stipulation request, and his failure to appear at his deposition ......................... 8

            c.    Plaintiff's improper proposed remedies for his failure to appear at his deposition. ............... 12

    B.    Plaintiff's Statement of the Facts ........................................ 13

IV.    DISPUTED CONTENTIONS REGARDING WHETHER PLAINTIFF SHOULD BE SANCTIONED FOR FAILING TO APPEAR FOR HIS DEPOSITION ................................................. 14

    A.    Netflix's Contentions .................................................... 14

        1.    Legal standard .................................................. 14

        2.    The sanctions of striking Plaintiff's complaint and dismissing his action are warranted ........................ 16

            a.    Plaintiff willfully failed to appear at his deposition ....... 16

i

b. The *Thompson* factors weigh in favor of striking Plaintiff's complaint and dismissing his action ............ 18

3. In the alternative, evidentiary and monetary sanctions are warranted ................................................................... 22

B. Plaintiff's Contentions ........................................................ 24

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

1   Under Federal Rule of Civil Procedure ("FRCP") 37 and the Court's

2   inherent authority, Defendant Netflix, Inc. ("Netflix") and Plaintiff Raymond

3   Pirtle, Jr. ("Plaintiff" or "Pirtle") respectfully submit the following Joint

4   Stipulation regarding Netflix's Motion for Sanctions Under Federal Rule of Civil

5   Procedure 37 (the "Motion").

6   **I.       INTRODUCTORY STATEMENTS**

7       **A.       Netflix's Introductory Statement**

8       On September 25, 2023, Plaintiff failed to appear at his properly noticed

9   deposition. Plaintiff's no-show is just one in a long line of failures by Plaintiff to

10  meet discovery deadlines under the Court's orders and the Federal Rules of Civil

11  Procedure, as well as his own representations to Netflix's counsel. These repeated

12  failures have prejudiced Netflix's ability to conduct discovery in this case and to

13  prepare its case for summary judgment or trial.

14      Given Plaintiff's willful and bad-faith conduct during discovery—

15  culminating in his failure to appear at his deposition—an order striking his

16  complaint and dismissing his action under Rule 37(b)(2)(A) is warranted. All

17  factors the Court must consider in deciding on this sanction weigh in Netflix's

18  favor:

19      **Plaintiff's Willful Failure to Appear at His Properly Noticed Deposition.**

20  Plaintiff failed to appear for his properly noticed deposition in person in Los

21  Angeles, despite being served with a proper deposition notice and Netflix's

22  counsel's repeated attempts via email to confirm he would appear in person.

23  Plaintiff's purported assumption that the deposition would be taken virtually is

24  belied by the deposition notice and counsel's repeated emails seeking to confirm

25  his in-person attendance. Therefore, Plaintiff's failure to appear at his deposition

26  was willful.

27

28

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

1    **Netflix Was Prejudiced By Plaintiff's Willful Failure to Appear at His**
2    **Properly Noticed Deposition.** In determining sanctions, the Court must analyze
3    the prejudice to Netflix. Because Plaintiff failed to appear at his deposition—
4    scheduled for the final day of the fact discovery period because of Plaintiff's other
5    discovery failures—Plaintiff's no-show meant that Netflix did not have another
6    date in the fact discovery period on which to take his deposition. As a result,
7    Netflix now has no opportunity to depose Plaintiff as a fact witness before the
8    discovery cutoff, much less conduct follow-up discovery or evaluate Plaintiff's
9    testimony before filing its anticipated motion for summary judgment. And
10   Plaintiff's proffered solution—for Netflix to take his deposition after the fact
11   discovery cutoff—is not only impermissible under the Court's scheduling order,
12   but it would also reward Plaintiff for his willful failure to appear at his deposition.
13       **Plaintiff Has Conducted Discovery in Bad Faith.** In considering this
14   sanction, the Court should consider not only Plaintiff's failure to appear at his
15   deposition, but also Plaintiff's pattern of bad-faith conduct in this case and its
16   effect on the expeditious resolution of litigation. Plaintiff has repeatedly failed to
17   meet deadlines in discovery, and has repeatedly disobeyed this Court's orders,
18   Local Rules, and his own representations to Netflix's counsel. In light of Plaintiff's
19   bad-faith conduct in litigating his case, striking his complaint and dismissal of his
20   action under Rule 37(b)(2)(A) is warranted.
21       As an alternative sanction, the Court should issue an order (i) prohibiting
22   Plaintiff from supporting or opposing his claims or defenses and from introducing
23   matters into evidence under Rule 37(b)(2)(A)(ii), and (ii) requiring Plaintiff to pay
24   the reasonable expenses, including attorneys' fees, caused by his failure to appear
25   at his deposition under Rule 37(d)(3).
26       **B.    Plaintiff's Introductory Statement**
27       The Defendant's above motion should be rejected because it's claims are
28

1   untrue in this matter for the following reasons. Over the course of the past 2 years,

2   both the Plaintiff and the Defendant willfully gave each discovery extensions

3   numerous times as well as agreed to having all of their meetings, hearings,

4   mediations and conversations conducted telephonically or online under the

5   guidelines of the COVID-19 pandemic.  The Plaintiff has never objected to any of

6   the of the Defendant's discovery requests nor ignored any request by always

7   staying in close communication with the Defendant's council. The Defendant's

8   council requested an extension of fact discovery via a joint stipulation to set up a

9   new deposition date just 3 days beforehand, to which the Plaintiff agreed to

10  wholeheartedly in a prompt manner, then proceeded to ignore the Plaintiffs

11  attempts to contact the Defendant by email, telephone and via Zoom. The

12  Defendant retracted their joint stipulation to extend fact discovery just days before

13  the deposition date ultimately misleading the Plaintiff about the proposed

14  rescheduling of the deposition. The Plaintiff honestly believed that the the

15  deposition was remote due to the fact that all prior meetings, hearings and

16  mediations had been remote due to the Covid-19 pandemic and made every

17  attempt in good faith to give a deposition to the Defendant as well as communicate

18  with him in a timely manner. The Defendant consciously ignored the Plaintiff's

19  communications and was able to mislead the Plaintiff by presenting the deposition

20  date as uncertain while barring him from giving a remote deposition from another

21  state. The Defendant was, thus, able to orchestrate it's own prejudice, regarding

22  this matter, by shutting off communications with the Plaintiff to it's advantage in

23  bad faith. Furthermore, the Defendant refused to file a joint stipulation for a motion

24  to extend fact discovery after it convinced the Plaintiff that it wanted to extend

25  Discovery in a deceptive manner.

26

27

28

## II.     DISPUTED STATEMENT OF MEET AND CONFER EFFORTS

### A.     Netflix's Contentions Regarding Meet and Confer Efforts

On October 10, 2023, after Plaintiff failed to appear at Netflix's properly noticed deposition, Netflix sent Plaintiff a meet-and-confer letter under Local Rule 37-1 that identified the issue in dispute—that Plaintiff had failed to appear at the properly noticed deposition—and provided Netflix's position and legal authority that Netflix believed was dispositive of the issue. (Declaration of Kenneth M. Trujillo-Jamison ("Trujillo-Jamison Decl.") ¶ 3 & Ex. 2.) That letter also specified the terms of the order Netflix would seek from this Court: (1) striking Plaintiff's complaint, (2) prohibiting Plaintiff from supporting or opposing designated claims or defenses and from introducing designated matters into evidence, and (3) requiring Plaintiff to pay Netflix's reasonable expenses for failing to appear at his properly noticed deposition. (*Id.*)

On October 19, 2023, the parties met and conferred via telephone about the issues raised in the October 10, 2023 meet-and-confer letter (*Id.* at ¶ 4.) Despite Netflix's good-faith effort to eliminate the necessity for hearing this motion or to eliminate as many of the disputes as possible, the parties were unable to settle their differences. (*Id.*)

### B.     Plaintiff's Contentions Regarding Meet and Confer Efforts

*See* Plaintiff's Introductory Statement.

## III.    DISPUTED STATEMENT OF FACTS

### A.     Netflix's Statement of the Facts

Plaintiff's failure to appear at his properly noticed deposition was one in a long line of failures on Plaintiff's part to comply with the discovery deadlines in this case. Netflix has been prejudiced by Plaintiff's failure to appear at his deposition. That prejudice is compounded by Plaintiff's repeated and willful failure to comply with this Court's orders and the Local Rules, as explained in further

1  detail below.

2          1.      *Plaintiff's failure to appear at his deposition is the latest in a*
3                  *line of Plaintiff's repeated failures to meet applicable deadlines*
                   *in this case.*

4          Plaintiff's failure to appear at his deposition was not an anomaly; indeed,

5  Plaintiff has repeatedly failed to comply with applicable deadlines in this case:

6  •   *First*, Plaintiff filed his Opposition (Dkt. No. 30) to Netflix's Motion to

7       Dismiss (Dkt. No. 27) ***over a month late***, and nearly three weeks after

8       receiving notification that it was untimely.[1] (Trujillo-Jamison Decl. ¶ 7; Dkt.

9       No. 30.)

10 •   *Second*, Plaintiff served responses to Netflix's First Set of Interrogatories

11      and Requests for Production of Documents ("RFPs") ***nearly five months***

12      ***late*** and repeatedly failed to meet his own requested and agreed-upon

13      extension deadlines. (Trujillo-Jamison Decl. ¶¶ 8-18 & Exs. 4-13.) And

14      Plaintiff ***never*** served responses to Netflix's First Set of Requests for

15      Admission ("RFAs"). (Trujillo-Jamison Decl. ¶¶ 8, 18.)

16 •   *Third*, Plaintiff failed to timely produce certain of his documents in the

17      requested native form (as required by the RFPs) until September 22nd, just

18      one business day before the fact discovery cutoff, and he continued to

19      produce the vast majority of documents the evening of September 25, and

20      only *after* he failed to show at his deposition. (*Id.* at ¶¶ 20, 22-26, 32 & Exs.

21      15-20, 25.)

22 •   *Fourth*, when Netflix proposed a stipulation that would seek leave of court

23      to take his deposition after the fact discovery cutoff to allow him to produce

24      the belated documents sufficiently in advance of his deposition, Plaintiff

25

26  _____

27  [1] Netflix filed a Notice of Failure to File Opposition (Dkt. No. 29) on December 2,
    2021. Plaintiff waited an additional 18 days after being on notice of his tardiness to
28  file his Opposition. (*Id.*)

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

delayed responding to the draft stipulation and ultimately refused to sign it as drafted. (*Id.* at ¶¶ 27-30 & Exs. 21-24.)

- *Fifth*, Plaintiff failed to appear at his properly noticed deposition in Los Angeles, notwithstanding that the notice clearly specified the location of the deposition on its caption page and in the body of the deposition notice, and despite Netflix's counsel's repeated attempts to confirm his in-person attendance at the deposition. (*Id.* at ¶¶ 2-3, 24-25, 33, 35, 43 & Exs. 1-2, 18-19, 26, 28, 36.)

- *Sixth* despite repeatedly assuring Netflix that he intends to present expert testimony, Plaintiff did not timely serve his Initial Expert Disclosure (which also failed to comply with Federal Rule of Civil Procedure 26(a)(2)(C)). (*Id.* at ¶¶ 44-46 & Exs. 37-39.)[2]

In sum, Plaintiff has repeatedly failed to meet deadlines in this case, demonstrating a disregard of this Court's orders, the Local Rules, and the Federal Rules of Civil Procedure.

> ### 2. *By contrast, Netflix has been diligent in attempting to conduct discovery, resolve discovery disputes without court intervention, and meet applicable deadlines.*

Netflix has been diligent in attempting to conduct discovery and comply with the Court's orders and other applicable deadlines to complete discovery within the designated period. For example, Netflix served its initial round of discovery—including its First Set of Interrogatories, RFPs, and RFAs (the "January 20 Discovery")—on January 20, 2023, *over eight months* before the fact discovery cutoff. (Trujillo-Jamison Decl. ¶ 8.) Plaintiff, however, ultimately did not provide responses to the RFPs and Interrogatories until *nearly six months* later,

---

[2] Plaintiff also has noted he intends to serve Netflix with additional expert memoranda which, if served, would also be untimely under the Court's scheduling order. (*Id.*)

1    and he never responded to the RFAs. (*Id.* ¶ 18.) And Plaintiff delayed producing

2    most responsive documents until the evening of the fact discovery cutoff—

3    September 25, 2023. (*Id.* ¶ 32.)

4            Notwithstanding these failures, and cognizant of Plaintiff's status as a pro se

5    plaintiff, Netflix has diligently attempted to work with Plaintiff and resolve

6    discovery disputes without Court intervention:

7                    **a.    Plaintiff's months-long delay in responding to the**
8                    **January 20 Discovery.**

9            When Plaintiff missed his deadline under the Federal Rules of Civil

10   Procedure to respond to the January 20 Discovery, Netflix promptly sent multiple

11   notices to Plaintiff. (*Id.* at ¶¶ 9-10 & Exs. 4-5.) Plaintiff did not respond to those

12   communications until Netflix indicated it would file a motion to compel his

13   responses and seek costs associated with bringing the motion. (*Id.* ¶ 10.)

14          Plaintiff then requested an extension until April 20, 2023 to serve his

15   responses. (*Id.* ¶ 11 & Ex. 6.) In an attempt to resolve the discovery disputes

16   without court intervention, and in light of Plaintiff's pro se status, Netflix agreed to

17   Plaintiff's proposed extension, which—had Plaintiff abided by it—would have

18   provided Netflix with over five months before the discovery cutoff to resolve

19   issues and take Plaintiff's deposition. *Id.*

20          Plaintiff did not abide by that commitment. Rather, Plaintiff engaged in a

21   repeated pattern of requesting additional extensions, reneging on his self-imposed

22   new deadlines, and then promising to provide responses and documents at a later

23   date. *First*, on April 20, 2023, the deadline when he was due to provide written

24   responses, he emailed Netflix's counsel to say he was in the process of reviewing

25   documents and would "be sending . . . replies over the course of the next few

26   days." (*Id.* ¶ 12 & Ex. 7.) Then, he took approximately two months to create

27   different iterations of a timeline he constructed of incidents purportedly germane to

28

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

this case, but did not serve written responses to the January 20 Discovery. (*Id.*
¶ 13.) Next, on June 29, 2023, after being asked for an update on his written
responses, Plaintiff said he would serve responses after July 5 because he would
"be out of town at a family reunion." (*Id.* ¶ 14 & Ex .9). Next, on July 3, he said he
"[d]idn't realize how involved this family reunion would be so [he was] having
more delays." (*Id.* ¶ 15 & Ex. 10). In sum, Plaintiff *missed five additional self-
proposed deadlines*—each time giving a different excuse and making a renewed
promise to comply. And during that time—rather than providing Netflix with the
discovery responses to which to it was entitled—Plaintiff instead drafted his own
set of interrogatories to Netflix. (*Id.* ¶¶ 14, 16, 18 & Ex. 9, 11, 13.)

Netflix finally set a hard deadline of July 17, 2023 for Plaintiff to respond,
explaining that Plaintiff's conduct was prejudicing Netflix's ability to complete
discovery by the Court-ordered September 25, 2023 deadline. (*Id.* at ¶ 17 & Ex.
12.) On that date—almost six months after they were initially served—Plaintiff
finally served his responses to the January 20 Discovery. (*Id.* ¶ 18). (On that date,
Plaintiff also served a round of interrogatories on Netflix that flagrantly violated
the numerical limit of 25 interrogatories under Federal Rule of Civil Procedure 33.
(*Id.*, Ex. 13.) And even these belated responses were deficient because Plaintiff
failed to produce corresponding responsive documents to the RFPs at that time.
(*Id.* ¶¶ 20, 22, 24, 26, 32 & Exs. 15, 16, 18, 20.)

**b.    Plaintiff's failure to timely produce documents
responsive to Netflix's First RFPs, failure to timely
respond to a stipulation request, and his failure to
appear at his deposition**

On September 1, 2023, Netflix's counsel met and conferred with Plaintiff via
telephone about his failure to produce certain documents in response to Netflix's
First RFPs in the requested format. (Trujillo-Jamison Decl. ¶ 20 & Ex. 15.) On
September 5, 2023, in an effort to ensure Netflix could depose Plaintiff before the

fact discovery cutoff despite not having yet received the requested responsive documents, Netflix served a notice for Plaintiff to appear for his deposition on September 25, 2023 at 10:00 a.m. at Willenken LLP, 707 Wilshire Blvd. #3850, Los Angeles, CA 90017. (*Id.* ¶ 21 & Ex. 1.) This was the *first* written notification that the deposition would take place in person at Willenken LLP in Los Angeles. Plaintiff did not serve objections to the deposition notice, nor did he file a motion for a protective order. (*Id.*)

On September 11, 2023, Netflix's counsel followed up on the parties' September 1 meet and confer and requested that Plaintiff produce the requested documents by September 15th—which would have provided Netflix with sufficient time to analyze the documents before his deposition. (*Id.* ¶ 22 & Ex. 16.) Plaintiff did not respond to this request.

A week later, on September 18, 2023, Netflix's counsel notified Plaintiff that his failure to produce documents "has prejudiced Netflix's ability to adequately prepare for your deposition scheduled for" September 25. (*Id.* ¶ 24 & Ex. 18.) Netflix's counsel also specifically requested: "Please confirm that you will appear ***in person at our offices***, as noted in the deposition notice." (*Id.* (emphasis added).) This was the *second* written notification confirming that the deposition would take place in person at Willenken LLP's office in Los Angeles. Plaintiff, again, did not respond to this request. (*Id.*)

On September 20, 2023, Netflix's counsel sent Plaintiff another email, requesting that requested Plaintiff "confirm that you will appear ***in person, as required by the deposition notice***." (*Id.* ¶ 25 & Ex. 19 (emphasis added).) Netflix's counsel also noted that Plaintiff's failure to produce the requested documents "has prejudiced our ability to adequately prepare for your deposition." (*Id.*) This was the *third* written notification that the deposition would proceed in person at Willenken LLP.

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

Plaintiff finally responded later that day on September 20, 2023, asserting that he would produce the requested documents by September 22, 2023 and asking if the deposition scheduled for September 25 was canceled. (*Id.* ¶ 26 & Ex. 20.) Plaintiff did not request to appear at the deposition remotely at that time. (*Id.*) Netflix's counsel responded in less than 30 minutes:

> For Monday's depo, **_we are not canceling_** it at this time. We will send you a proposed stipulation and order seeking leave of court to conduct your deposition after Monday, given the apparent confusion about the time when you needed to produce the documents. **_Assuming that stipulation is granted, we can secure an alternate date for the depo._**

(*Id.* at ¶ 27 & Ex. 21.) Thus, Plaintiff was made aware that if the stipulation and order were not granted before Monday, the deposition would proceed as scheduled.

Later that afternoon, Netflix's counsel sent Plaintiff a draft stipulation to seek the Court's permission to take Plaintiff's deposition after the discovery cutoff. (*Id.* ¶ 28 & Ex. 22.) Netflix's counsel also urged that "[g]iven that the depo is scheduled for Monday . . . [the parties should] submit this to the court as soon as possible." (*Id.*)

After Plaintiff failed to respond, Netflix's counsel followed up again to seek Plaintiff's permission to file the stipulation. (*Id.* ¶ 29 & Ex. 23.) Plaintiff did not respond to this email for over 24 hours, leaving less than one business day before the scheduled deposition. (*Id.*)

On September 22—only one business day before the deposition—Plaintiff finally responded to Netflix's counsel's email, stating that he objected to certain proposed language in the draft stipulation and refused to enter it as drafted. (*Id.*) Netflix's counsel immediately responded, explaining that "At this point, there is not sufficient time to negotiate over [the stipulation] and get relief from the Court before **_your depo on Monday. We will proceed with the depo then_**." (*Id.* (emphasis added).) Thereafter, Netflix's counsel confirmed with its videographer and court reporter that they would appear for the deposition on September 25, 2023 in person

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

1    at the Willenken office in Los Angeles. (*Id.* ¶ 31.)

2            The next day—Saturday, September 23—Netflix's counsel again requested

3    that Plaintiff "confirm that [he would] appear ***in person*** for [his] deposition on

4    Monday." (*Id.* ¶ 33 & Ex. 26 (emphasis added).) This was the ***fourth written***

5    ***notification*** that it would proceed ***in person***.

6            Later that morning, Plaintiff finally responded by email. Despite having

7    received the deposition notice and three other written notifications confirming the

8    deposition would take place in Los Angeles, Plaintiff incredibly claimed "[t]his

9    whole time I thought the deposition was a skype type of online meeting like every

10   meeting and hearing in the past." (*Id.* ¶ 34 & Ex. 27.) In that email, Plaintiff did

11   not state that he would not appear in person or that he was unavailable to appear as

12   noticed and did not request a link to a virtual deposition. (*Id.*) When Netflix's

13   attorney—who was traveling—did not respond over the weekend, Plaintiff did not

14   attempt to call that attorney or email the other Netflix attorney he had removed

15   from the email chain. (*Id.*)

16           On September 25, less than an hour before the noticed deposition, Plaintiff

17   finally confirmed via email that he was not in Los Angeles and would not be

18   appearing in person for the deposition because he "assumed [Netflix's counsel's]

19   firm would be setting up a virtual meeting. . . ." (*Id.* at ¶ 35 & Ex. 28.) He also

20   confirmed that on the Saturday before the deposition he had looked at plane tickets

21   for flights to Los Angeles and that there "were a lot of great deals"—showing that

22   Plaintiff knew he was required to appear in person in Los Angeles but elected not

23   to do so. (*Id.*)

24           Netflix's counsel immediately responded and informed Plaintiff that his

25   assumption that the deposition would take place virtually was demonstrably

26   incorrect—given the deposition notice and the repeated written confirmations that

27   the deposition would take place in Los Angeles. (*Id.* ¶ 36 & Ex. 29.) Netflix's

28

counsel informed Plaintiff it would seek relief from the Court given his failure to appear and refusal to be deposed in person. (*Id.*)

Thereafter, Plaintiff changed his excuse again—wrongly claiming, "on Friday [Netflix's counsel] said [he] wanted to change the date." (*Id.* ¶ 37 & Ex. 30.) This was false: As noted, after Plaintiff refused to enter into the proposed stipulation, Netflix confirmed the deposition would proceed on Monday. (*Id.* & Ex. 24)

When Netflix pointed out this falsehood, Plaintiff changed his story *again*. (*Id.* at ¶ 38 & Ex. 31.) Plaintiff now claimed that had Netflix's counsel responded to Plaintiff's eleventh-hour request made on a weekend, on a day when the attorney to whom he addressed the email was traveling, he would have flown to Los Angeles to appear at the deposition. (*Id.*) And later that afternoon, Plaintiff made yet a different excuse—claiming he assumed the deposition was virtual because all past meetings, hearings, and conferences had been virtual during the COVID-19 pandemic. (*Id.* ¶ 40 & Ex. 33.)

### c. Plaintiff's improper proposed remedies for his failure to appear at his deposition.

Plaintiff's proposed means of addressing his failure to appear at his deposition were all improper. *First*, Plaintiff proposed that Netflix take his deposition after the fact discovery cutoff. Netflix's counsel explained that proposed resolution was unacceptable because Netflix could not take his deposition after that date without leave of court. (*Id.* ¶ 3 & Ex. 2.) *Second*, Plaintiff proposed the parties seek an extension of fact discovery, or alternatively that Netflix take his deposition as an expert because he has proffered himself as an expert witness. (*Id.* ¶¶ 42, 47 & Exs. 35 & 40.) Putting aside that taking his deposition as an expert witness would not cure his failure to appear for a fact deposition, Plaintiff eventually served his Expert Witness Disclosure to Defendant Netflix, Inc. on October 17, 2023—one week after the applicable deadline—and that disclosure did

1    not comply with Federal Rule of Civil Procedure 26(a)(2)(C) because it did not

2    contain "summary of the facts and opinions to which" Plaintiff intended to testify.

3    (*Id.* ¶¶ 44-46 & Exs. 37-39.)

4          **B.      Plaintiff's Statement of the Facts**

5          On September 20th, the Defendant's council requested to push back the date

6    of the Plaintiff's deposition by requesting an extension of fact discovery from the

7    Court because the Defendant had previously set the deposition date on the last day

8    of fact discovery on the calendar, Monday September 25, 2023. The Plaintiff

9    promptly agreed to the fact discovery extension and told the Defendant's council

10   that Plaintiff was "available any day of the week" to reschedule the deposition. The

11   Defendant was aware that the Plaintiff resides in Atlanta and had previously

12   requested to always convene remotely. On September 20th, the Defendant sent the

13   Plaintiff a joint stipulation to extend the September 25, 2023 fact discovery

14   deadline so that a new deposition date could be arranged. On Friday the Plaintiff

15   agreed to the stipulation for the motion to extend discovery as long as some of the

16   wording in the document was modified. The next day, on Saturday September 23,

17   2023, the Defendant emailed the Plaintiff server that he was to appear in California

18   at the council for the Defendant's office for the deposition. The Plaintiff promptly

19   responded to the council for the Defendant two hours later requesting that the

20   deposition be remote in the same fashion that all of the prior meetings, hearings

21   and mediations had been conducted. The Defendant's council did not reply to the

22   Plaintiff that day nor the next day leading the Plaintiff to conclude that a Zoom link

23   would be sent to him on the day of the deposition as had always been done in the

24   past due to there being no conflict by the Defendant's council. On the morning of

25   September 25, 2023, at 9:15am pacific time, the Plaintiff called to confirm the

26   online deposition while waiting for the Zoom link from the Defendant's council.

27   The Defendant's council finally replied to the Plaintiff, after two days of ignoring

28

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

the Plaintiff about the matter, by writing an email stating soley "Are you in Los Angeles?" and ignoring the Plaintiff's phone calls for the entire day. At 10:06 am pacific time, the Plaintiff sent the Defendant's council a zoom link attempting to follow through with the deposition in good faith. The Defendant's council ignored the Plaintiff's attempts to appear telephonically and by means of video conferencing. Plaintiff called the Defendant's councils personal phone as well as his law firms line to no avail  The Defendant's council eventually picked up has phone days later and told him that it would be impossible to set up a new deposition date and that the Defendant would seek sanctions from the Court as well as seek to get file a summary judgement to get the case dismissed. It's important to reiterate that a week prior to this it was the Defendant whom was requesting to cancel the deposition date. The Plaintiff told the Defendant that he honestly thought the deposition was virtual due to the fact that all of the meetings, hearings and mediations had been virtual in wake of the Covid-19 pandemic. The Plaintiff told the Defendant's council that he was free any day to reschedule the deposition be it through an extended fact discovery as the Defendant had previously requested or as an expert deposition.  The Plaintiff  also told the Defendant's council that he was  would have easily been able to appear at the deposition in person in Los Angeles if the Defendant's council had replied to him on Saturday September 23, 2023 or Sunday September 24, 2023. Thus, the Defendant orchestrated it's own prejudice to intimidate the Plaintiff with sanctions that could have been avoided.

## IV.   DISPUTED CONTENTIONS REGARDING WHETHER PLAINTIFF SHOULD BE SANCTIONED FOR FAILING TO APPEAR FOR HIS DEPOSITION

### A.   Netflix's Contentions

#### *1. Legal standard*

Federal Rule of Civil Procedure 37(d)(1)(A)(i) states: "The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after

1   being served with proper notice, to appear for that person's deposition. . . ."

2   Federal Rule of Civil Procedure 37(d)(3) states:

3   Sanctions may include any of the orders listed in Rule
4   37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the
     court must require the party failing to act, the attorney advising
5   that party, or both to pay the reasonable expenses, including
     attorney's fees, caused by the failure, unless the failure was
6   substantially justified or other circumstances make an award of
7   expenses unjust.

8   The sanctions listed in Rule 37(b)(2)(A)(i)-(vi) include, among other things,

9   "prohibiting the disobedient party from supporting or opposing designated claims

10  or defenses, or from introducing designated matters in evidence," "striking

11  pleadings in whole or in part," and "dismissing the action or proceeding in whole

12  or in part." *Id.*; *see Young v. O'Reilly Auto. Stores, Inc.*, No. CV 18-1953-R, 2018

13  WL 11483058, at *1 (C.D. Cal. Oct. 23, 2018) ("Among the sanctions available

14  are terminating and evidentiary sanctions."). Further, a party's failure to appear at

15  his own deposition, "is not excused on the ground that the discovery sought was

16  objectionable, unless the party failing to act has a pending motion for a protective

17  order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

18  To impose terminating sanctions such as striking a complaint or dismissing

19  an action, a district court must consider five factors ("*Thompson* factors"), which

20  include: "(1) the public's interest in expeditious resolution of litigation; (2) the

21  court's need to manage its docket; (3) the risk of prejudice to the other party; (4)

22  the public policy favoring the disposition of cases on their merits; and (5) the

23  availability of less drastic sanctions." *Seagrim v. Cassidy*, No.

24  LACV1706648JAKGJSX, 2021 WL 5176483, at *3 (C.D. Cal. Jan. 8, 2021) (slip

25  copy) (citation and quotation omitted).

26  As for other sanctions, "as a general matter, the *Thompson* factors need not

27  be considered before the court imposes a Rule 37(d) sanction short of dismissal."

28

1   *Stewart v. Wachowski*, No. CV03-02873MMMVBKX, 2005 WL 6186374, at *5

2   (C.D. Cal. June 14, 2005). Accordingly, other sanctions awarded under Rule 37

3   may be reversed only for abuse of discretion. *See United States v. Sumitomo*

4   *Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *David v. Hooker,*

5   *Ltd.*, 560 F.2d 412, 418-19 (9th Cir. 1977); *Young*, No. CV 18-1953-R, 2018 WL

6   11483058, at *1.

7           2.      *The sanctions of striking Plaintiff's complaint and dismissing*

8                   *his action are warranted*

9           Plaintiff's repeated disobedient and willful misconduct during discovery—

10   culminating with his failure to appear at his deposition—warrants an order

11   striking his complaint and dismissing his action. *See* Fed. R. Civ. P. 37(b)(2)(A).

12   Plaintiff's failure to appear at his properly noticed deposition was willful, and the

13   *Thompson* factors weigh in favor of imposing that sanction.

14           **a.      Plaintiff willfully failed to appear at his deposition**

15           The district court may dismiss an action when it has determined that a party

16   has willfully failed to comply with discovery. *National Hockey League v.*

17   *Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Young*, No. CV 18-1953-R,

18   2018 WL 11483058, at *1. "Disobedient conduct not shown to be outside the

19   control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."

20   *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). Dismissal is an

21   appropriate sanction under Rule 37(d) for a party's failure to appear for his own

22   properly noticed deposition. *See Young*, No. CV 18-1953-R, 2018 WL 11483058,

23   at *1 (granting terminating sanctions for failure to appear at deposition).

24           Plaintiff's failure to appear at his properly noticed deposition was entirely

25   within his control. "The Ninth Circuit has held that a party fails to appear for her

26   deposition, within the meaning of Rule 37(d), where, as here, the party unilaterally

27   cancels the deposition immediately prior to the date on which it is noticed."

28

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

1    *Stewart*, 2005 WL 6186374, at \*5 (C.D. Cal. June 14, 2005). As in *Stewart*,

2    Plaintiff unilaterally canceled the deposition immediately before it was set to take

3    place—waiting until less than an hour before the deposition to cancel. (Trujillo-

4    Jamison Decl. ¶ 35.)  It was solely within Plaintiff's control to appear at the

5    deposition as noticed, and his failure to so appear demonstrates willfulness, bad

6    faith, and fault. *Jorgensen*, 320 F.3d at 912.

7         Plaintiff's contention that he believed that the deposition was going to take

8    place virtually (Trujillo-Jamison Decl. ¶ 35 & Ex. 28) is contradicted by the

9    written record clearly stating that the deposition would take place in person in Los

10   Angeles. The notice for Plaintiff's deposition stated it would take place, "at 10:00

11   a.m. at the office of Willenken LLP, 707 Wilshire Blvd. #3850, Los Angeles, CA

12   90017." (*Id.* at ¶ 2 & Ex. 1.) As further confirmation of that fact, Netflix's counsel

13   sent Plaintiff ***three other notifications*** before the deposition confirming that the

14   deposition would take place in person. (*Id.* ¶¶ 24-25, 33 & Exs. 18-19, 26.) at

15   Plaintiff's apparent "assumption" that the deposition would take place virtually is

16   not credible.

17        In any event, Plaintiff never objected to the notice of deposition and never

18   moved for a protective order, so he waived any objections to the location of the

19   deposition. (*Id.* at ¶ 21.) And despite his supposed "assumption" that the

20   deposition would take place virtually, Plaintiff admitted that he looked into plane

21   tickets to Los Angeles on the Saturday *before* the deposition. (*Id.* ¶ 35 & Ex. 28.)

22        In short, Plaintiff knew he was required to appear in person. He willfully

23   elected not to do so. Therefore, the Court should find that Plaintiff

24   "demonstrate[d] willfulness, bad faith, or fault," in failing to appear at his

25   properly noticed deposition. *See Jorgensen*, 320 F.3d at 912.

26

27

28

### b. The *Thompson* factors weigh in favor of striking Plaintiff's complaint and dismissing his action

The *Thompson* factors weigh in favor of striking Plaintiff's complaint and dismissing his action.[3]  The most critical factor is the third factor: prejudice. "To prove prejudice, a defendant must establish that a plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding prejudice because "unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"); *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (finding prejudice based on unjustifiably violating the pretrial order).

Netflix has been severely prejudiced by Plaintiff's discovery conduct—including but not limited to his failure to appear at his deposition. *First,* because Plaintiff failed to timely serve discovery responses and make document productions, Netflix noticed his deposition for the final date of fact discovery; by consequence, his failure to show at his deposition on that date deprived Netflix of its opportunity to depose him within the Court-ordered fact discovery period. As noted above, *see* Section III.A. *supra*, Plaintiff has repeatedly failed to comply with applicable discovery deadlines. Netflix repeatedly accommodated Plaintiff in its attempt to resolve these disputes without court intervention so that Netflix could complete its fact discovery by the Court-ordered deadline. Those efforts ultimately led Netflix to notice his deposition for the final day of the fact discovery period.

---

[3] The *Thompson* factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Seagrim*, No. LACV1706648JAKGJSX, 2021 WL 5176483, at *3 (quotation and citations omitted).

And because Plaintiff did not appear for his deposition on that date, Netflix has been deprived of its opportunity to depose him.

Plaintiff's failure to abide by applicable discovery deadlines is entirely of his own doing. During this case, Netflix's counsel repeatedly pointed Plaintiff to his obligations under the Court's Standing Order (Dkt. No. 22), Order Setting Pretrial Deadlines (Dkt. No. 41), and other applicable deadlines. Plaintiff has invoked his pro se status to try to justify his failure to meet his deadlines. But this Court's Standing Order is clear: "Pro se/Self-represented parties are to comply with the Local Rules and the rules set by this Court," which includes discovery deadlines. (Trujillo-Jamison Decl. ¶ 48 & Ex. 41.)  And Plaintiff even stated in a recent meet and confer that because the Court accepted his untimely Affirmation in Opposition to Netflix's Motion to Dismiss, he expects his other discovery deadline failures will be excused by the Court, too. (*Id.* ¶ 45 & Ex. 38.) This demonstrates the willful and bad faith nature of Plaintiff's noncompliance. *See Wilson*, No. 20-CV-05617-JST, 2023 WL 3579320, at *3 (holding party had notice of potential dismissal sanctions based solely on Rule 37); *Harkey v. Beutler*, 817 F. App'x 389, 392 (9th Cir. 2020) (upholding dismissal and rejecting excuse that "he did not have counsel" because the party "was aware of, and did receive . . . the notice of his deposition").

The other *Thompson* factors weigh in favor of issuing terminating sanctions here. For the first factor, the Ninth Circuit has held "[t]he public's interest in expeditious resolution of litigation always favors dismissal," which also relates to the "court's need to manage its docket." *Pagtalunan*, 291 F.3d at 642 (citation omitted) (finding plaintiff's failure to pursue the case for almost four months

weighed in favor of dismissal).[4] Although terminating sanctions do not serve the public interest of resolving actions on the merits, if "less drastic sanctions are not at all likely to cause [the plaintiff] to change his behavior and comply with court orders and his other obligations," then factors four and five weigh in favor of termination. *Seagrim*, No. LACV1706648JAKGJSX, 2021 WL 5176483, at *3.

Here, as explained above, *see* Section III.A.1., *supra*, Plaintiff's bad-faith conduct over the course of this litigation demonstrates a disregard of the Federal Rules of Civil Procedure, this Court's Standing Order, the Local Rules, and even Plaintiff's own self-imposed and requested deadlines—which has impeded "expeditious resolution" of this case.[5] Plaintiff has missed every discovery deadline and refused to enter into a timely stipulation to extend the deadline to take his deposition. Plaintiff also failed to take a single fact witness deposition, nor did he timely serve Initial Expert Disclosures. In sum, Plaintiff has failed to diligently prosecute his case, which merits dismissal. *See Harkey*, 817 F. App'x at 392 ("bad faith attempts to block discovery demonstrate an unwillingness to have this matter decided on the merits.").

Striking Plaintiff's complaint and dismissing his action would serve the public interest in expediting the litigation, given the continued delay caused by Plaintiff's conduct. It would also serve the interest of the Court in controlling its docket and ensuring efficient resolution of disputes. And although striking his

---

[4] *Seagrim*, No. LACV1706648JAKGJSX, 2021 WL 5176483, at *3 (a failure to participate in discovery for three years constituted "continued delay" supported entering default).

[5] *See also Young*, No. CV 18-1953-R, 2018 WL 11483058, at *1 (analyzing conduct in discovery and holding repeated failure to comply with the rules "is inexcusable, and dismissal for such conduct is warranted"); *Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (Court reviewed the litigant's conduct throughout the discovery phase to justify a dismissal sanction).

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

complaint would not serve the public interest of having this action resolved on its merits, Plaintiff has left the Court with no reasonable alternative. Plaintiff has willfully and repeatedly engaged in a continuous course of conduct that frustrates the fundamental purpose underlying the discovery rules. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964).

Plaintiff's proposed alternative remedies for his failure to appear at his deposition *confirm* that striking his complaint and dismissing his action are merited. After repeatedly failing to comply with the applicable discovery deadlines in this case, Plaintiff suggested Netflix take his deposition after the Court-ordered fact discovery deadline. But as Netflix has explained, (Trujillo-Jamison Decl. ¶¶ 3, 42, 47 & Exs. 2, 35, 40) doing that would violate the Court's scheduling order, which Netflix does not agree to do. *See Rakhra v. PHW Las Vegas, LLC*, No. 2:12-CV-01287-JAD, 2014 WL 99302, at *3 (D. Nev. Jan. 3, 2014) (parties cannot engage in self-help; they must file a motion to re-open discovery).[6] Further, even if Netflix were inclined to take him up on his offer, if Plaintiff failed to appear at such a rescheduled deposition, or refuse to respond to proper questions, Netflix would have no recourse without a Court order allowing for an untimely deposition to occur. *Waring v. Geodis Logistics LLC*, No. CV 19-4415-GW (KSX), 2020 WL 8509665, at *7 (C.D. Cal. Dec. 24, 2020) ("And while the parties certainly may agree, without court approval, to conduct discovery after the court-imposed deadlines, if they do so and disputes arise, this Court lacks jurisdiction to resolve such disputes."). Further, moving to extend fact discovery at this time, as Plaintiff suggests (Trujillo-Jamison Decl. ¶¶ 42, 47 & Exs. 35 & 40.) would be untimely,

---

[6] Further, to re-open discovery the party must show "excusable neglect." *Id.* Here, Plaintiff cannot do so because of (1) his willful failure to appear, and (2) the fact that Netflix tried to enter into a stipulation to extend fact discovery *before* the cutoff and Plaintiff refused to enter into a stipulation until a month after the discovery cutoff.

given that fact discovery has already concluded, and in any event would *reward* Plaintiff for his continued failures to comply with the deadlines in this case.

In sum, although striking his complaint is a severe sanction, it is necessary in this case to remedy the prejudice Netflix has, and will suffer, due to Plaintiff's willful and continuous failure to comply with the deadlines in this case..

Finally, "in the exceptional case where a litigant's bad faith conduct is pervasive and egregious, a district court may award all of a party's attorneys' fees in a lawsuit as part of a sanction." *Harkey*, 817 F. App'x at 392 (upholding award of attorneys' fees going beyond those attributable to delays in discovery). As explained above, *see* Section III.A., *supra*, Plaintiff has indeed engaged in "pervasive and egregious" "bad faith conduct" in the course of this case. Therefore, Netflix requests that if this Court grants Netflix's requested sanctions above, it also award Netflix's attorneys' fees incurred in this action, in an amount to be determined later.

> 3.    *In the alternative, evidentiary and monetary sanctions are warranted*

In the alternative, Netflix requests sanctions under Rule 37(b)(2)(A)(ii) to preclude Plaintiff from supporting or opposing his claims or defenses and from introducing matters into evidence in this case, including but not limited to opposing Netflix's forthcoming motions to dismiss under Federal Rule of Civil Procedure 41(b) and for summary judgment under Federal Rule of Civil Procedure 56. Netflix also asks this Court to issue an order under Rule 37(d)(3) requiring Plaintiff to pay the reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition.

"As a general matter, the *Thompson* factors need not be considered before the court imposes a Rule 37(d) sanction short of dismissal." *Stewart*, No. CV03-02873MMMVBKX, 2005 WL 6186374, at *5. Further, Ninth Circuit courts have

imposed sanctions, including precluding a plaintiff from testifying, without applying the *Thompson* factors. *Caesars World, Inc. v. Milanian*, 126 F. App'x 775, 777 (9th Cir. 2005) (upholding sanction to preclude plaintiff from testifying because not tantamount to dismissal); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976) (upholding sanction excluding evidence, "which in turn led to the dismissal of their case").

As explained above, *see* Section IV.A.2, *supra*, Netflix has been severely prejudiced by Plaintiff's failure to appear at his properly noticed deposition. Netflix requests that if this Court does not issue the terminating sanctions requested above, it issue an order prohibiting Plaintiff from supporting or opposing his claims or defenses and from introducing matters into evidence in this case, including but not limited to opposing Netflix's forthcoming motion to dismiss under Federal Rule of Civil Procedure 41(b) and for summary judgment under Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 37(d)(3) provides "the court **must** require the party failing to act . . . to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added). The burden of showing substantial justification and special circumstances is on the party being sanctioned. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983).

Here, Netflix incurred fees and costs totaling $3,198.45, including $911.95 in court reporter fees, $608 in videographer fees, and $1,678.50 in attorneys' fees for Netflix's attorney's appearance at the deposition and the October 5, 2023 meet and confer held with Plaintiff thereafter. (Trujillo-Jamison Decl. ¶ 49.) . As explained above, *see* Section III.A., *supra*, Plaintiff's failure to appear for his deposition was not justified. *See* Fed. R. Civ. P. 37(d)(3). And there are no "other

circumstances [that would] make an award or expenses unjust." *See Falstaff Brewing Corp.*, 702 F.2d at 784.

Therefore, Netflix respectfully asks this Court to issue an order requiring Plaintiff to pay the total amount of $3,198.45 for "the reasonable expenses, including attorney's fees, caused" by his failure to appear at his deposition.

### B.     Plaintiff's Contentions

*See* Plaintiff's Introductory Statement.

Respectfully submitted,

Dated:  November 6, 2023          WILLENKEN LLP


By: */s/ Kenneth M. Trujillo-Jamison*
         Kenneth M. Trujillo-Jamison
         Breeanna N. Brewer
         Attorneys for Defendant
         Netflix, Inc.

Dated:  November 6, 2023          By: */s/ Raymond Pirtle, Jr.*
         Raymond Pirtle, Jr.
         Plaintiff

JOINT STIPULATION RE: DEFENDANT'S MOTION FOR SANCTIONS

1

## <u>ECF ATTESTATION</u>

2

3       I, Breeanna N. Brewer, attest that all other signatories listed, and on whose

4   behalf the filing is submitted, concur in the filing's content and have authorized

5   the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4.

6

7   Dated:  November 6, 2023            WILLENKEN LLP

8

9                                       By: */s/ Breeanna N. Brewer*

10                                          Breeanna N. Brewer
                                           Attorneys for Defendant
11                                          Netflix, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28